Animal Legal Defense Fund
Daniel H. Waltz, WSBA No. 45708
The Yard, 700 Pennsylvania Ave SE
Washington, DC 20003
Tel: (707) 795-2533; Fax: (707) 795-7280
Email: dwaltz@aldf.org

Smith & Lowney PLLC
Claire E. Tonry, WSBA No. 44497
2317 E. John St.
Seattle, WA 98112
Tel: (206) 860-2883; Fax: (206) 860-4187
E-mail: claire@smithandlowney.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, <br><br> Plaintiff, <br> v. <br><br> OLYMPIC GAME FARM, INC., ROBERT BEEBE, JAMES BEEBE, and KENNETH BEEBE, <br><br> Defendants. | Case No. 3:22-cv-5774 <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## STATEMENT OF THE CASE

1. This case is about one specific condition of the harmful captivity of several Endangered Species Act ("ESA") protected Grizzly bears at Olympic Game Farm ("OGF"), an animal exhibition facility in Sequim, Washington. Defendants, who own and operate OGF, keep the Grizzly bears in enclosures rife with cheatgrass, a plant with invasive, barbed awns that

burrow into the bears' skin causing festering wounds. Once the Grizzly bears suffer cheatgrass wounds, Defendants confine bears in tiny quarantine trailers for extended periods.

2. The parties in this case are also engaged in other litigation in this District Court. That case, *Animal Legal Def. Fund v. Olympic Game Farm et al.*, Case No. 3:18-cv-06025-RSL, concerns violations of the ESA and Washington State public nuisance law. A prior ruling in that case held that ALDF's ESA claims do not include the ongoing violation alleged here.

## PARTIES

### Plaintiff

3. ANIMAL LEGAL DEFENSE FUND ("ALDF") is a national non-profit organization headquartered in Cotati, California with over 300,000 members. ALDF pursues its mission of protecting the lives and advancing the interests of animals by advocating for the protection of animals used and sold in commercial enterprises. ALDF frequently focuses on animal husbandry practices and the confinement of animals used for entertainment and exhibition purposes. ALDF has engaged in significant advocacy and public education efforts to improve the welfare of animals who are held in captivity. ALDF has members who have visited OGF and have observed and developed aesthetic and emotional connections to the animals there, including the Grizzly bears. Several members have visited OGF only once or twice and, after witnessing Defendants' lack of treatment and care for the animals at OGF and the keeping of animals in small, barren, and unprotected-from-the-elements enclosures there, have become too upset to return to visit the animals in their current conditions. Other ALDF members have visited OGF several times over the past decade, and during each visit remain distressed from witnessing animal mistreatment and suffering. ALDF's members' interests in observing and otherwise enjoying Grizzly bears at OGF have been, and will continue to be, harmed by Defendants' mistreatment of bears through their operation and management of OGF. The relief sought in this lawsuit—including, but not limited to, the transfer of Grizzly bears to a bona fide sanctuary— would redress ALDF's members' ongoing harms from Defendants' activities at OGF.

4. This Court granted ALDF summary judgment on standing to bring ESA claims concerning the same animals living at OGF in *Animal Legal Defense Fund v. Olympic Game Farm et al.*, Case No. 3:18-cv-06025-RSL, Dkt. 253 (filed Sept. 6, 2022).

**Defendants**

5. OLYMPIC GAME FARM, INC., is a Washington State corporation that operates OGF, a roadside zoo located at 1423 Ward Road, Sequim, Washington.

6. ROBERT BEEBE is a citizen and resident of Clallam County, Washington. Robert Beebe is a governor of Defendant Olympic Game Farm, Inc., and an owner and operator of OGF.

7. JAMES BEEBE is a citizen and resident of Clallam County, Washington. James Beebe is a governor of Defendant Olympic Game Farm, Inc., and an owner and operator of OGF.

8. KENNETH BEEBE is a citizen and resident of Clallam County, Washington. Kenneth Beebe is a governor of Defendant Olympic Game Farm, Inc., and an owner and operator of OGF.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over this action under 28 U.S.C. § 1331 because it alleges violations of federal law.

10. Pursuant to 28 U.S.C. §§ 2201-2202, the Court is authorized to provide declaratory and injunctive relief. The ESA's citizen suit provision further authorizes the Court to enjoin violations of the ESA and its implementing regulations. *See* 16 U.S.C. § 1540.

11. ALDF provided notice of its intent to sue Defendants on March 16, 2022, at least sixty days in advance of this Complaint, as required by the ESA. 16 U.S.C. § 1540(g)(2)(A). Defendants have not remedied the violations set out in the 60-day notice letter. On information and belief, Defendants have not applied for any permit to lawfully take members of the ESA-listed species at OGF.

12. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), because Defendants reside in this district and a substantial part of the events or omissions giving rise to

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

the claim occurred in this district. ALDF also brings suit in this district because violations of the ESA occur in this district. *See* 16 U.S.C. § 1540(g)(3)(A).

**STATUTORY & REGULATORY FRAMEWORK OF ENDANGERED SPECIES ACT**

13. Congress passed the ESA in recognition that species in danger or threatened with extinction "are of esthetic, ecological, educational, historical, recreational, and scientific value to the Nation and its people," and that the United States pledged to the international community "to conserve to the extent practicable various species of fish or wildlife and plants facing extinction." 16 U.S.C. § 1531(a)(3)-(4).

14. The ESA requires either the Secretary of Interior or of Commerce to identify which species are endangered or threatened and list them accordingly. 16 U.S.C. § 1533.

15. Section 9 of the ESA prohibits the "take" of endangered species. 16 U.S.C. § 1538(a)(1). Pursuant to its statutory authority to "by regulation prohibit with respect to any threatened species any act prohibited under [Section 9(a)(1)], in the case of fish or wildlife," the Department of Interior has generally extended the take prohibition to species listed as "threatened." 50 C.F.R. § 17.31.

16. The prohibitions of the ESA apply to threatened animals bred or kept in captivity as well as those in the wild. *See, e.g.*, 79 Fed. Reg. 37,578, 37,597 (Jul. 1, 2014) ("Captive members have the same legal status as the species as a whole").

17. The ESA defines "take" to include "harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or to attempt to engage in any such conduct." 16 U.S.C. § 1532(19). Congress intended "take" to "be defined in the broadest possible manner to include every conceivable way in which a person can 'take' or attempt to 'take' any fish or wildlife." S. Rep. No. 307, 93d Cong., 1st Sess. (1973), reprinted in 1973 U.S.C.C.A.N. 2989, 2995.

18. The Department of Interior has defined "harass" to mean "an intentional or negligent act or omission which creates the likelihood of injury to wildlife by annoying it to such an extent as to significantly disrupt normal behavioral patterns which include, but are not limited to, breeding, feeding, or sheltering." 50 C.F.R. § 17.3.

PLAINTIFF'S COMPLAINT - 4

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

19. The Department of Interior has defined "harm" to mean "an act which actually kills or injures wildlife." 50 C.F.R. § 17.3.

20. Section 9 also makes it unlawful to "possess, sell, deliver, carry, transport, or ship" any endangered or threatened species that has been unlawfully taken in violation of Section 9(a)(1)(B). *See* 16 U.S.C. § 1538(a)(1)(D).

## FACTUAL BACKGROUND

### Olympic Game Farm

21. Olympic Game Farm is an unaccredited drive-through animal exhibition facility located at 1423 Ward Road, in Sequim, Washington. Defendants confine and exhibit over 300 animals, dozens of which are endangered or threatened species, which they display to the public for a fee.

22. Defendants' confinement, husbandry, veterinary care, public feeding, and exhibition activities at OGF have killed and injured and continue to injure, harm, and harass the endangered and threatened animals. Defendants' activities are not generally accepted practices and are also likely to result in injury to the ESA-listed animals.

23. Over the last five years, at least a dozen ESA-listed animals owned by Defendants have died. Eleven animals, including gray wolves, one lion, tigers, and Grizzly bears, have died at OGF. One gray wolf died while living in atrocious conditions at an animal trafficker's Ohio facility; Defendants loaned the wolf to the trafficker for "breeding purposes."

24. Cheatgrass is a pervasive, ongoing problem at OGF that has injured numerous animals including several threatened species.

### Grizzly Bears

25. Grizzly bears, scientific name *Ursus arctos horribilis*, are listed as threatened under the ESA in the coterminous states, except where listed as an experimental population. *See* 50 C.F.R. § 17.11; 40 Fed. Reg. 31,734 (Jul. 28. 1975).

26. Defendants keep six Grizzly bears at OGF. Their names are Donald, Moxie, Lillie, Fee, Fie, and Fumm.

27. Defendants fail to provide care and husbandry for Grizzly bears at OGF that comply with the minimum standards of the Animal Welfare Act and meet generally accepted practices. In addition, Defendants' housing conditions are likely to result in injury to, and in fact do injure, the Grizzly bears.

28. Defendants fail to control cheatgrass in the enclosures and throughout OGF.

29. Cheatgrass is a plant with highly invasive awns that burrow into animals' skin.

30. Cheatgrass is found in most if not all bear pens at OGF.

31. At OGF, cheatgrass burrows into Grizzly bears' skin, creating wounds and causing serious injuries.

32. For example, the Grizzly bear Good Momma suffered penetrating cheatgrass wounds throughout her body, including on her wrist and stomach, in early September 2019. When suffering the cheatgrass wounds, Good Momma stopped moving and laid under a domed sheet of metal in her enclosure for two straight days. Maggots infested her rear during that time. After she died in late September 2019, a necropsy showed 10 wounds ranging from 1 to 3 centimeters in diameter and found 40 cheatgrass awns embedded in her skin and stomach wall.

33. Good Momma is not the only Grizzly bear at OGF to suffer penetrating cheatgrass wounds.

34. The Grizzly bears' wounds, along with wounds caused by other means, such as fighting with other bears and self-inflicted injuries, are exacerbated by the unsanitary conditions of the enclosures and by Defendants' inadequate veterinary care. Unsanitary enclosure conditions include the persistent presence of mud, stagnant dirty water, feces, and maggots. Untimely care from unqualified and under-resourced veterinarians with no species-specific expertise allows the Grizzly bears' wounds to fester and cause painful injury. Such injuries include deep, persistent, drug-resistant infections covering most of a Grizzly bear's limb.

35. Grizzly bears with serious injuries are placed in a tiny, barren trailer as a form of quarantine at OGF. Defendants have housed Grizzly bears in isolation in the trailer for weeks to even months.

36. Defendants' housing of the Grizzly bears in muddy and cheatgrass-infested conditions constitutes a take under the ESA.

37. Defendants' cheatgrass-laden conditions and their inadequate response to Grizzly bears who get harmed by those conditions create the likelihood of, and in fact cause, injury to the Grizzly bears at OGF, and amount to unlawful "take"—in the form of harassment, harm, and killing—under the ESA. *See* 16 U.S.C. §§ 1532 & 1538(a)(1); *see also* 50 C.F.R. § 17.3.

## CLAIMS FOR RELIEF

### Violations of the Endangered Species Act

### Claim I—Unlawful "Take" of Protected Species

38. Each and every allegation set forth above is incorporated herein by reference.

39. The ESA, 16 U.S.C. § 1538(a)(1)(B), prohibits the "take" of "any [listed] species" within the United States without a permit.

40. By confining Grizzly bears to cheatgrass-infested pens and by responding inadequately to the bears' cheatgrass injuries, Defendants have violated and continue to violate the ESA and its implementing regulations by taking Grizzly bears within the meaning of 16 U.S.C. § 1538(a)(1)(B), without a permit, at OGF.

41. This Court has the authority to issue an injunction prohibiting Defendants from committing further violations of the ESA and to compel Defendants to remedy current violations of the ESA. 16 U.S.C. § 1540(g)(1)(a). This Court also has the authority to award the costs of litigation, including reasonable attorney and expert witness fees, to any party whenever the court determines such award is appropriate. 16 U.S.C. § 1540(g)(4).

### Claim II—Unlawful Possession of Protected Species

42. Each and every allegation set forth above is incorporated herein by reference.

43. The ESA, 16 U.S.C. § 1538(a)(1)(D), prohibits the possession, by any means whatsoever, of any species taken in violation of § 1538(a)(1)(B) and (C).

44. Defendants have violated and continue to violate the ESA and its implementing regulations by possessing and continuing to possess Grizzly bears who have been taken within the meaning of 16 U.S.C. § 1538(a)(1)(D).

45. This Court has the authority to issue an injunction prohibiting Defendants from committing further violations of the ESA and to compel Defendants to remedy current violations of the ESA. 16 U.S.C. § 1540(g)(1)(a). Moreover, this Court has the authority to award the costs of litigation, including reasonable attorney and expert witness fees, to any party whenever the court determines such award is appropriate. 16 U.S.C. § 1540(g)(4).

**PRAYER FOR RELIEF**

46. Declare that Defendants are violating the ESA by illegally taking threatened Grizzly bears without a permit;

47. Declare that Defendants are violating the ESA by possessing threatened Grizzly bears who have been illegally taken;

48. Enjoin Defendants from housing Grizzly bears in conditions that take them;

49. Enjoin Defendants from possessing, at OGF, threatened Grizzly bears who have been illegally taken;

50. Enter a permanent injunction against Defendants that terminates all Defendants' ownership and possessory rights in all of the threatened Grizzly bears at OGF;

51. Appoint a special master or guardian at litem to identify reputable wildlife sanctuaries and to determine the most appropriate placement for the forfeited Grizzly bears, consistent with the animals' best interests;

52. Charge the cost of transferring and rehoming the forfeited bears to Defendants;

53. Award ALDF its reasonable attorney fees and litigation costs in this action, and;

54. Grant ALDF such other and further relief the Court may deem just and proper.

DATED this 12th day of October 2022.

                                  SMITH & LOWNEY, PLLC

                                  By: */s/ Claire E. Tonry*
                                  Claire E. Tonry, WSBA No. 44497
                                  Email: claire@smithandlowney.com
                                  2317 East John St., Seattle, WA 98112
                                  Tel: (206) 860-2883, Fax: (206) 860-4187


                                  ANIMAL LEGAL DEFENSE FUND

                                  By: */s/ Daniel H. Waltz*
                                  Daniel H. Waltz, WSBA No. 45708
                                  Email: dwaltz@aldf.org
                                  Animal Legal Defense Fund
                                  700 Pennsylvania Ave. SE
                                  Washington, DC 20003
                                  Tel: (707) 795-253, Fax: (707) 795-7280

                                  *Attorneys for Plaintiff Animal Legal Defense Fund*