1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANIMAL LEGAL DEFENSE FUND,

Plaintiff,

v.

OLYMPIC GAME FARM, INC., *et al*.,

Defendants.

Cause No. C22-5774RSL

ORDER GRANTING
MOTION TO DISMISS AND
GRANTING LEAVE TO
AMEND

This matter comes before the Court on "Defendants' Motion to Dismiss" the above-captioned matter. Dkt. # 12. Plaintiff alleges that defendants "keep [] Grizzly bears in enclosures rife with cheatgrass, a plant with invasive, barbed awns that burrow into the bears' skin causing festering wounds" which are then treated by "confin[ing] bears in tiny quarantine trailers for extended periods" in violation of the Endangered Species Act ("ESA"). Dkt. # 1 at ¶ 1. *See also id.* at ¶¶ 36 and 40.[1] Defendants argue that the claims are barred by the related doctrines of *res judicata* and claim splitting, that plaintiff lacks standing to pursue the cheatgrass-related claims,

---

[1] Plaintiff also complains about defendants' "confinement, husbandry, veterinary care, public feeding, and exhibition activities" related to "ESA-listed animals" (*id.* at ¶¶ 22-23) and the general inadequacy of the care and husbandry provided to Grizzly bears (*id.* at ¶ 27). The claims asserted are very specific, however, and are based solely on the alleged confinement of Grizzly bears to cheatgrass-infested pens and the inadequate response to the resulting injuries (*id.* at ¶¶ 40 and 44).

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 1

and that plaintiff does not adequately allege an on-going violation of the ESA. Having reviewed the memoranda, the complaint, and the record in *Animal Legal Def. Fund v. Olympic Game Farm*, C18-6025RSL ("*ALDF 1*"), the Court finds as follows:

**A. Res Judicata and Claim Splitting**

> *Res judicata*, or claim preclusion,
>
> is a doctrine that bars a party in successive litigation from pursuing claims that were raised or could have been raised in a prior action. It serves to protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions. Claim preclusion applies where the earlier suit (1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies. The party seeking to invoke claim preclusion bears the burden of establishing these elements.

*Save Bull Trout v. Williams*, 51 F.4th 1101, 1107 (9th Cir. 2022) (internal quotation marks and citations omitted). The bar against claim splitting is an aspect of the doctrine of *res judicata*: after weighing the equities of the case, a district court may exercise its discretion to dismiss a duplicative, later-filed action with prejudice even if judgment has not yet been entered in the first-filed action. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007). To determine whether an action is duplicative, the appropriate inquiry is whether the first suit, when finally resolved, would preclude the second suit pursuant to the doctrine of claim preclusion. *Id.* at 688-89.

Only claims that are identical must be litigated together under the doctrine of claim preclusion, and the Court looks to four criteria to determine whether claims are identical:

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 2

"(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1039 (9th Cir. 2017) (citations omitted). "The fourth criterion is the most important." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Although the claims in *ALDF 1* and the present suit arise under the same statute and may therefore satisfy the third element of the test, the other three factors suggest that the claims are not identical. Most importantly, the ESA claims at issue here are based on different facts and events than those over which the Court has jurisdiction in *ALDF 1*. The present claims – that defendants subject their Grizzly bears to cheatgrass-infested pens and then fail to provide adequate care for the resulting injuries – did not arise until after *ALDF 1* was filed, effectively precluding a finding that the claims arose out of the same nucleus of facts and had to have been brought together. *Howard*, 871 F.3d at 1040 ("We now confirm that for purposes of federal common law, claim preclusion does not apply to claims that accrue after the filing of the operative complaint."); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4409 (3d ed. 2017) ("Most cases rule that an action need include only the portions of the claim due at the time of commencing that action, frequently observing that the opportunity to file a supplemental complaint is not an obligation."). At no point prior to summary judgment did plaintiff assert a cheatgrass claim in *ALDF 1*, and at that point it was summarily rejected for lack

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 3

of subject matter jurisdiction. A decision on the cheatgrass claim in this litigation will in no way

challenge or invalidate any rulings in *ALDF 1*, and it will turn on substantially different

evidence.

The Court finds that none of the doctrines identified by defendants warrants dismissal of

this action.

**B. Federal Rule of Civil Procedure 12(b)(6)**

The question for the Court on a motion to dismiss under Rule 12(b)(6) is whether the

facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007). In the context of a motion under Rule 12(b)(6), the Court

must "accept factual allegations in the complaint as true and construe the pleadings in the light

most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d

1025, 1031 (9th Cir. 2008) (citation omitted). The Court's review is generally limited to the

contents of the complaint, *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996), but the

Court may consider as admissions a party's statements of fact in judicial memoranda or briefs.

*Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 227 (9th Cir. 1988). Whether to do so is

within the discretion of the Court based, in part, on the circumstances surrounding the original

statement, the level of conflict between the prior statement and the party's current position, the

opposing party's timely objection to the inconsistent positions, and the existence or absence of

evidence that refutes the prior statement. *Id*. at 226-27.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege
"enough facts to state a claim to relief that is plausible on its face." []*Twombly*,

550 U.S. [at 570]. A plausible claim includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *U.S. v. Corinthian Colls*., 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the pleading standards of Rule 8(a)(2), a party must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). . . . A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc*., 622 F.3d 1035, 1041 (9th Cir. 2010).

In order to pursue a citizens suit under the ESA, plaintiff must allege facts raising a plausible inference (a) that one or more of its members has suffered an injury-in-fact arising from the cheatgrass infestation in the Grizzly bear enclosures, *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000), and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992), and (b) that the statutory violation is on-going or that there is at least a reasonable likelihood that the violation will continue in the future, *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 57 (1987) (interpreting identical language in the Clean Water Act). With regards to these issues, plaintiff alleges that:

▪ "ALDF's members' interests in observing and otherwise enjoying Grizzly bears at OGF have been, and will continue to be, harmed by Defendants' mistreatment of bears through their operation and management of OGF." Dkt. # 1 at ¶ 3.

▪ "This Court granted ALDF summary judgment on standing to bring ESA claims concerning the same animals living at OGF" in *ALDF 1*. Dkt. # 1 at ¶ 4.

▪ "Cheatgrass is a pervasive, ongoing problem at OGF that has injured numerous animals including several threatened species." Dkt. # 1 at ¶ 24.

▪ "Defendants keep six Grizzly bears at OGF. Their names are Donald, Moxie, Lillie, Fee, Fie, and Fumm." Dkt. # 1 at ¶ 26.

▪ "Defendants fail to control cheatgrass in the enclosures and throughout OGF." Dkt. # 1 at ¶ 28.

▪ "For example, the Grizzly bear Good Momma suffered penetrating cheatgrass wounds throughout her body, including on her wrist and stomach, in early September 2019. . . . Good Momma is not the only Grizzly bear at OGF to suffer penetrating cheatgrass wounds." Dkt. # 1 at ¶ 32-33.

Plaintiff's allegations regarding standing are insufficient. Plaintiff has the burden of establishing this Court's jurisdiction, including the elements of standing. *FW/BPS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990). The fact that its members had standing to pursue ESA claims based on other conduct they observed and which caused them injury does not suggest that any of them were aware of, took issue with, or were harmed by the existence of cheatgrass in the Grizzly bear enclosures. "[A] plaintiff must demonstrate standing for each claim he seeks to press," *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006), yet the allegations of the complaint do not give rise to a plausible inference that plaintiff's members suffered an invasion

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 6

of a concrete, actual, and particularized interest. *Lujan*, 504 U.S. at 560. At most, one could speculate that there might be an ALDF member who saw cheatgrass in the Grizzly bear enclosures, recognized it for the hazard it posed to the animals, and was injured as a result, but simply hypothesizing an injury-in-fact does not satisfy the "irreducible constitutional minimum of standing." *Id.*

Nor do plaintiff's allegations give rise to a plausible inference that the alleged ESA violation – the existence of cheatgrass at OGF causing injury to the Grizzly bears that is not adequately treated – is continuing. At no point does plaintiff allege that the bears currently living at OGF have been injured by cheatgrass. It carefully alleges that there is cheatgrass at OGF and that there are bears at OGF. The only concrete example of a cheatgrass-related injury to a Grizzly bear occurred in 2019. The vague reference to one or more other bears injured by cheatgrass while at OGF offers no basis to assume that the violative conduct is continuing, and plaintiff's filings in *ALDF 1* highlight only the cheatgrass injuries suffered by Good Momma and Samantha in 2019 and 2020. *ALDF 1*, Dkt. # 160 at 19-21. Despite the deference the Court must pay to the plaintiff's allegations, it is not proper to assume that "the [plaintiff] can prove facts that [he or she] has not alleged . . . ." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 5263 (1983).

//

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

For all of the foregoing reasons, the Court finds that plaintiff has not alleged enough factual matter (taken as true) to suggest that it has standing to pursue the cheatgrass claim or that the alleged statutory violation is continuing. Defendants' motion to dismiss (Dkt. # 12) is therefore GRANTED, but plaintiff will be given fourteen days in which to file an amended complaint that corrects the identified deficiencies. Failure to timely file an amended complaint will result in judgment being entered in favor of defendants on the cheatgrass claim.

Dated this 9th day of January, 2023.

*MM S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 8